UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC MARTIN, #165780

        Plaintiff,

    v.

S. KAZULKINA, *et al*,

        Defendants.
_____/

Case No. 12 – 14286

Honorable Gerald E. Rosen
Magistrate Judge Laurie J. Michelson

**REPORT AND RECOMMENDATION TO (1) GRANT DEFENDANTS' MOTIONS TO REVOKE PLAINTIFF'S *IN FORMA PAUPERIS* STATUS [11, 13,] AND DENY PLAINTIFF'S MOTION FOR SANCTIONS [16]; AND (2) DISMISS AS MOOT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION [5]**

Plaintiff Eric Martin ("Plaintiff"), a Michigan Department of Corrections prisoner proceeding *pro se*, has filed a Complaint pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights were violated when he was forced to take psychotropic medications. (Dkt. 1, Compl.) On November 16, 2012, Plaintiff's Application to Proceed Without Prepayment of Fees was granted. (Dkt. 6.) All pretrial proceedings have recently been referred to this Court. (Dkt. 23.) Presently before the Court are the motions of Defendants Janice Stewart, Sara Rizzo, Dr. Lakshmi Garlapati, Diana Heringis, and Michael McCollough to Revoke Plaintiff's *In Forma Pauperis* Status and to Dismiss the Complaint under 28 U.S.C. § 1915(g) because Plaintiff has filed more than three frivolous lawsuits. (Dkts. 11,13.) Plaintiff filed a response to the motions (Dkt. 15) as well as a separate motion for sanctions for having to respond (Dkt. 16). Having reviewed Plaintiff's prior lawsuits (Dkt. 11, Exs. 1-7) and the record in this matter, the Court concludes that Plaintiff falls within the "three-strike" restrictions established by 28 U.S.C. § 1915(g) and may not proceed without prepayment of the filing fee for this action. Therefore, this Court RECOMMENDS that

Defendants' Motions be GRANTED such that Plaintiff's leave to proceed without prepayment of fees and costs be revoked and the Complaint be DISMISSED WITHOUT PREJUDICE.

## I. BACKGROUND

Plaintiff is an inmate at MDOC's Macomb Correctional Facility ("MRF"). (Dkt. 1, Compl.) He alleges that "[o]n 11-3-11 a hearing was held for the purpose of determining whether plaintiff should be involuntarily medicated with psychotic drugs, by defendants . . ., at which said defendants ordered for 90 days that plaintiff be involuntarily medicated with haledol. See exhibit f." (*Id*., ¶ 9.) The referenced exhibit is the November 3, 2011 Report and Order of the Hearing Committee. (*Id*., Ex. f.) The 90-Day Order explains that "[t]he Hearing Committee reviewed the evidence presented and concluded that the prisoner is [mentally ill] and the proposed plans stated by the treating psychiatrist is suitable." (*Id*.) The evidence presented appears to include reports from Defendants S. Kazukina (psychologist) and Lakshmi Garlapati (psychiatrist). (*Id*., Exs. B-D.)

Plaintiff alleges that on or around December 23, 2011, the medication Haledol was forced on him even though he informed Defendants Garlapati and Schindler (nurse) that he had an allergic reaction to it "such as [he had a] hard time breathing, [and] slowed heart rate." (Compl., ¶ 14.) According to Plaintiff, "[t]he medication haledol has serious dangerous side effects that did, do, pose an imminent danger of serious physical injury to [him.]" (*Id*., ¶ 16.) More specifically, Plaintiff alleges that:

> As a result of all of the forced involuntary medication episodes, plaintiff suffered with constant tiredness, sleeping all day, night with drooling of the mouth, and hard to do anything at all, lethargic, such as brushing his teeth, and was unable to do any reading of his books (which plaintiff normally does everyday) due to the constant unsettled feeling, along with hard time breathing, slowed down heartrate, in other words it was as if plaintiff was in hell being constantly tortured every second, every minute, every day, until he

> received his increased dose of cogetin (medication to combat the side effects of haledol) which then helped all of the above side effects except the hard-time breathing, slowed down heartrate.

(*Id.*, ¶ 11.)

Plaintiff filed this suit on September 26, 2012, against numerous mental health and security personnel at MRF. Plaintiff contends that being placed on involuntary medications violated his Eight Amendment right to be free from cruel and unusual punishment, his Fourteenth Amendment right to due process, and his First Amendment right to petition to the Government for a redress of grievances. (Compl., p. 3.) Plaintiff filed an Application to Proceed Without Prepayment of Fees which was granted on November 16, 2012. (Dkt. 6.) On December 21, 2012, and January 3, 2013, a number of served Defendants filed Motions to Revoke Plaintiff's *In Forma Pauperis* Status and to Dismiss based on the fact that Plaintiff has had at least three (3) prior federal court lawsuits dismissed as frivolous, malicious and/or for failure to state a claim upon which relief can be granted. (Dkts. 11, 13.) Plaintiff contends that the motions are sanctionable because he is under an imminent danger of serious physical injury which enables him to proceed *in forma pauperis.* (Dkts. 15, 16)

## II. ANALYSIS

### A. "Three Strikes" Law

Under the Prison Litigation Reform Act ("PLRA"), a prisoner is not entitled to proceed without prepayment of the filing fee if, on three or more prior occasions, the prisoner's case was dismissed as malicious or frivolous, or for failing to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). More specifically,

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States

3

> that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). If a prisoner's "complaint clearly satisfie[s] the provisions of § 1915(g) at the moment of filing, [a] district court ha[s] no authority to consider the merits of the complaint." *Mitchell v. Tennessee*, 86 F. App'x 898, 899 (6th Cir. 2004).

### B. Plaintiff Has Three Prior Litigation Strikes

As another court in this District recently ruled in denying Plaintiff's application to proceed *in forma pauperis*:

> Plaintiff is a prolific litigator in federal court. The Court's records reveal that he has filed at least three prior civil actions which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. *Martin #165780 v. Hofbauer,* Western District of Michigan No. 2:09-cv-00274; *Martin #165780 v. Tallio et al,* Western District of Michigan No.2: 10-cv-00009; *Martin #165780 v. Martin,* Western District of Michigan No. 2:01-cv-00181; *Martin #165780 v. Koljonen et al,* Western District of Michigan No. 2:03-cv-00143; *Martin #165780 v. Caruso,* Western District of Michigan No. 2:07-cv-00183; *Martin #165780 v. Kleinhardt et al,* Western District of Michigan No. 2:08-cv-00227.

*Martin v. Romanowski*, No. 2:11-cv-15595 (E.D. Mich. Jan. 9, 2012). Defendants' motion attaches the rulings in these lawsuits. (Dkt. 11, Mot. Revoke, Exs. 1-7.) Plaintiff does not dispute that he has at least three prior litigation "strikes." Instead, he seeks to invoke the exception to the three-strike bar which allows a prisoner to proceed with a civil action despite three prior qualifying dismissals where the prisoner is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

### C. Plaintiff's Complaint Alleges Past Injury

"The imminent danger exception is essentially a pleading requirement subject to the ordinary

principles of notice pleading." V*anDiver v. Romanowski,* 416 F. App'x 560, 562 (6th Cir. 2011). To establish that his Complaint falls within the statutory exception, Plaintiff has to allege that he was under imminent danger at the time that he filed his Complaint:

> While the Sixth Circuit has not defined the term "imminent danger" for purposes of this section, other Circuits have held that to meet the requirement, the threat or prison condition "must be real and proximate" and the danger of serious physical injury must exist at the time the complaint is filed. *See, e.g., Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (en banc). Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception. *Id.* Other Circuits also have held that district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are "conclusory or ridiculous," *Ciarpaglini*, 352 F.3d at 331, or are "'clearly baseless' (i.e. are fantastic or delusional and rise to the level of 'irrational or wholly incredible).'" *Gibbs v. Cross*, 160 F.3d 962, 967 (3d Cir.1998) (quoting *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992)).

*Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008); *see also Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007) (holding that assertions of past danger do not satisfy the imminent-danger exception); *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (explaining that "the requisite imminent danger of serious physical injury must exist at the time the complaint or the appeal is filed, not when the alleged wrongdoing occurred" and that the purpose of the exception is to "prevent impending harms, not those harms that have already occurred").

Plaintiff alleges that he was given a Haledol shot on October 27, 201[1].[1] (Compl., ¶ 8.) On November 3, 2011, an Order was entered for 90-days of forced psychotropic medication. (Compl., ¶ 9, Ex. f.) Plaintiff alleges that on December 23, 2011, Haledol was forced on him without his

---

[1] The Complaint references the date as October 27, 2012, but that has to be a printing error as the Complaint was filed on September 26, 2012.

consent. (*Id.*, ¶ 14.) These are the only two injections specifically referenced in the Complaint. Plaintiff further alleges that he *suffered* side effects from the Haledol. Plaintiff describes the side effects in Paragraph 11 of the Complaint, which is written entirely in the past tense. (*Id.*,¶ 11.) Plaintiff does not identify any additional treatment orders or indicate that the November 2011 order was extended beyond the 90-day period. Plaintiff does not allege that he is still (involuntarily) taking the psychotropic medication or that he is currently suffering any side effects that would cause him to be in imminent danger of serious physical injury. To the contrary, Plaintiff alleges that his increased dose of cogetin helped all of the side effects except the hard-time breathing and slowed down heart rate. (*Id.*) Plaintiff is unable to identify when he received the cogetin. Thus, it is unclear whether Plaintiff's breathing and heart rate issues subsided some time after December 2011 or whether they still existed at the time Plaintiff filed the Complaint on September 26, 2012. Even assuming, however, that Plaintiff had some difficulty breathing and a slowed heart rate for the past 9 months – i.e., from the date of the treatment order and identified Haledol injections to the filing of the Complaint – he has not explained how these side effects are currently placing him in imminent danger of serious physical injury.[2]

Accordingly, as Plaintiff's allegations pertain to past injury, the Court concludes that he has failed to satisfy the imminent danger exception to the three strikes rule.

**III.    CONCLUSION**

Because Plaintiff has filed more than three frivolous lawsuits and has not shown that he is

---

[2] In addition to complaining about past injury, the Court understands Plaintiff's Complaint to be expressing a concern about potential future injury – i.e., potential forced medication in the future. He seeks injunctive relief to "stop involuntarily drugging plaintiff before authorized hearings, and where there is no sufficient evidence that plaintiff is a harm to himself and/or others due to illness." (Compl., p. 4.)

6

in imminent danger of serious physical injury, this Court RECOMMENDS that Defendants' Motions to Revoke Plaintiff's *In Forma Pauperis* Status be GRANTED and that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE to his ability to refile upon the payment of the filing fee. As a result, the Court further RECOMMENDS that Plaintiff's Motion for Sanctions be DENIED.

The Court further RECOMMENDS that Plaintiff's Motion for Preliminary Injunction/Temporary Restraining Order be DISMISSED AS MOOT.

## IV. FILING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this magistrate judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be

filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4).

                                                s/Laurie J. Michelson
                                                LAURIE J. MICHELSON
                                                UNITED STATES MAGISTRATE JUDGE

Dated: May 16, 2013

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on May 16, 2013.

                                                s/Jane Johnson
                                                Deputy Clerk