UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC MARTIN,

              Plaintiff,                            No. 12-14286

vs.                                                     Hon. Gerald E. Rosen

S. KAZULINA, et al.,

              DEFENDANTS.
_____/

ORDER DENYING PLAINTIFF'S MOTION
FOR RELIEF FROM JUDGMENT

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on June 02, 2014

PRESENT: Honorable Gerald E. Rosen
United States District Chief Judge

On July 24, 2013, the Court entered an Order and Judgment revoking Plaintiff's *in forma pauperis* status and dismissing Plaintiff's Complaint pursuant to the "three strikes rule" under 28 U.S.C. § 1915(g) because Plaintiff had previously filed three frivolous lawsuits. On August 23, 2013, Plaintiff filed a Notice of Appeal, appealing this Court's disposition of the matter to the Sixth Circuit Court of Appeals. That appeal remains pending. [*See* Sixth Cir. No. 13-2198].

Now, ten months later, Plaintiff has returned to this Court and has filed a Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b). Plaintiff alleges that, by

1

remaining incarcerated in the MDOC prison system, he is "in imminent danger of serious physical harm" because there is a risk that, at any time, the prison officials may again involuntarily medicate him with anti-psychotic drugs, without his consent.  Therefore, he contends that he should be afforded Rule 60(b) relief and excused from the three-strikes bar to be allowed to proceed with his case *in forma pauperis*.

Both the U.S. Supreme Court and this Court have repeatedly held that relief under Rule 60(b) is "extraordinary relief" to be granted only in exceptional circumstances. *Ackermann v. United States*, 340 U.S. 193, 202 (1950); *Mallory v. Eyrich*, 922 F.2d 1273, 1281 (6th Cir. 1991); *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989); *Pierce v. UMW Welfare & Retirement Fund*, 770 F.2d 449, 451 (6th Cir. 1985), *cert. denied*, 474 U.S. 1104 (1986).  Exceptional circumstances under Rule 60(b) means "unusual and extreme situations where principles of equity *mandate* relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (emphasis in original). A claim of simple error, unaccompanied by extraordinary or exceptional circumstances, is not cognizable under Rule 60(b).  *Pierce v. UMW Welfare & Retirement Fund, supra*, 770 F.2d at 451.  Plaintiff  Martin has not shown such exceptional circumstances in this case.

The Court revoked Plaintiff's *ifp* status and dismissed his case in July 2013 because Plaintiff had previously filed three lawsuits which were subsequently dismissed as frivolous, and Plaintiff had not demonstrated satisfaction of the imminent danger

exception to the three-strikes rule.

28 U.S.C. § 1915(g) provides that where the prisoner can show that he is under "imminent danger of serious physical injury" he may be allowed to proceed with a civil action *ifp* despite three prior dismissals for frivolousness. *Id.* However, in order to allege sufficiently imminent danger, the Sixth Circuit requires that "the threat or prison condition must be real and proximate" and "the danger of serious physical injury must exist at the time the complaint is filed." *Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (quoting *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008)). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id*. (quoting *Rittner* at 797-98); *see also Taylor v. First Med. Mgmt*, 508 F. App'x 488, 492 (6th Cir. 2012) ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir.2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception.").

Plaintiff Martin does not allege an ongoing imminent danger. "The common definition of 'imminent' [refers] to those events 'ready to take place' or 'hanging threateningly over one's head.'" *Andrews v. Cervantes*, 493 F.3d 1047, 1056 (9th Cir. 2007) (quoting Merriam-Webster's Collegiate Dictionary 580 (10th ed.1999)); *see also Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (8th Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent *impending* harms, not those harms that had already occurred." *Id*.

(Emphasis added)). Martin's allegation that, at any time, prison officials may again involuntarily medicate him does not meet this standard. At best, it is an allegation of a past danger, not an impending danger, and is wholly speculative as to whether that past danger will recur. As such, the Court concludes as it did ten months ago that Plaintiff fails to satisfy the imminent danger exception to the three strikes rule.

For the foregoing reasons,

IT IS HEREBY ORDERED that Plaintiff's Motion for Relief from Judgment **[Dkt. # 45]** is DENIED.

S/Gerald E. Rosen
Chief Judge, United States District Court

Dated: June 2, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 2, 2014, by electronic and/or ordinary mail.

S/Julie Owens
Case Manager, (313) 234-5135

4