**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ERIC MARTIN,

        CIVIL ACTION NO. 12-14286
   *Plaintiff*,       DISTRICT JUDGE GERALD E. ROSEN
v.        MAGISTRATE JUDGE PATRICIA T. MORRIS

S KAZULKINA, et al.,

   *Defendants*.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT KAZULKINA'S MOTION FOR SUMMARY JUDGMENT (Doc. 103), DEFENDANT J. MAKIN'S MOTION FOR SUMMARY JUDGMENT (Doc. 109), PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Doc. 112), PLAINTIFF'S MOTION TO DENY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BECAUSE PLAINTIFF HASN'T HAD A CHANCE TO CONDUCT DISCOVERY (Doc. 127), AND PLAINTIFF'S MOTION TO COMPEL DISCOVERY (Doc. 122)**

**I.   RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Defendants' Motions for Summary Judgment, (Docs. 103, 109), be **DENIED** as moot, that Plaintiff's Motions for Summary Judgment, (Docs. 112, 127), be **DENIED** as moot, that Plaintiff's Motion to Compel Discovery, (Doc. 122), be **DENIED** as moot, and that the Court enter a final judgment that Plaintiff's claims be **DISMISSED WITH PREJUDICE**.

**II.   REPORT**

Plaintiff is a prisoner who filed a complaint alleging certain violations of his civil rights on September 26, 2012. (Doc. 1). On May 16, 2013, Magistrate Judge Laurie J.

Michelson issued a Report and Recommendation urging this Court to grant Defendants' motions to dismiss, (Docs. 11, 13), deny Plaintiff's motion for sanctions and motion to appoint counsel, (Doc. 16), and to dismiss Plaintiff's motion for preliminary injunction and motion for temporary restraining order as moot. (Doc. 5). On July 24, 2013, District Judge Gerald E. Rosen issued an Order adopting Magistrate Judge Michelson's Report and Recommendation, dismissing Plaintiff's complaint in its entirety without prejudice. (Doc. 38). Plaintiff later filed a motion for relief from this order, (Doc. 46), and the Sixth Circuit, on appeal, found that "the district court erred by declining to apply the imminent danger exception, and § 1915(g) does not bar [Plaintiff] from proceeding [*in forma pauperis*] in this action," vacated the district court's judgment, and remanded the matter for further proceedings. (Doc. 63). The result of this remand was to reopen this case as to Plaintiff's requests for preliminary injunctive relief only.

Thereafter, all pretrial matters were referred to the undersigned Magistrate Judge. (Doc. 64). On January 30, 2016, I issued a Report and Recommendation, (Doc. 93), to deny Plaintiff's motions to appoint expert witness, (Doc. 85), for oral deposition, (Doc. 72), for temporary restraining order, for preliminary injunction, and for permanent injunction, (Doc. 76), and to dismiss Plaintiff's complaint, (Doc. 1). On April 20, 2016, District Judge Rosen issued an Order adopting my Report and Recommendation, (Doc. 106), thus denying Plaintiff's motions for a preliminary injunction, permanent injunction, temporary restraining order, oral deposition, and appointment of an expert witness. More recently, Judge Rosen issued an Order denying *in forma pauperis* (IFP) status on appeal because

any appeal from his Order denying Plaintiff's motion for preliminary injunction (Doc. 106) would be frivolous. (Doc. 135.)

Although the case seems to have slipped through the legal cracks, and the parties have filed motions, there exist no other issues to resolve. The Report and Recommendation, adopted by District Judge Rosen, resolved all remaining questions in this matter. (Docs. 106, 135.) The instant outstanding motions, therefore, are of no consequence. For this reason, **IT IS RECOMMENDED** that Defendants' Motions for Summary Judgment, (Docs. 103, 109), be **DENIED** as moot, that Plaintiff's Motions for Summary Judgment, (Docs. 112, 127), be **DENIED** as moot, that Plaintiff's Motion to Compel Discovery, (Doc. 122), be **DENIED** as moot, and that the Court enter a final judgment that Plaintiff's claims be **DISMISSED WITH PREJUDICE**.

### III.   REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have

to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: November 28, 2016                    S/ PATRICIA T. MORRIS
                                           Patricia T. Morris
                                           United States Magistrate Judge


# CERTIFICATION

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record. A copy was also sent via First Class Mail to Eric Martin #165780 at Marquette Branch Prison, 1960 U.S. Hwy 41 South, Marquette, MI 49855.

Date: November 28, 2016                    By s/Kristen Castaneda
                                           Case Manager