UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC MARTIN,

                Plaintiff,                        No. 12-cv-14286

vs.                                          Hon. Gerald E. Rosen

SOFIA KAZULKINA, *et al.*,

                Defendants.
_____/

ORDER REJECTING MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION, AND RE-REFERRING THE CASE
TO THE MAGISTRATE JUDGE FOR RULING
<u>ON THE MERITS THE PENDING MOTIONS</u>

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on January 3, 2017

PRESENT:  Honorable Gerald E. Rosen
                    United States District Judge

This matter is presently before the Court on the November 28, 2016 Report and

Recommendation of U.S. Magistrate Judge Patricia T. Morris, recommending that the

Court deny Defendants' Motions for Summary Judgment (Dkt. Nos. 103 and 109) as

MOOT, deny Plaintiff's Motions for Summary Judgment (Dkt. Nos. 112, 127) as

MOOT, and deny Plaintiff's Motion to Compel Discovery (Dkt. No. 122) as MOOT, and

that the court enter a final judgment dismissing Plaintiff's claims, with prejudice.

Plaintiff Martin timely filed Objections to the R&R, to which Defendant Jerry Makin,

1

M.D., has responded.

Having reviewed the Magistrate Judge's R&R, Plaintiff's Objections, Defendant

Makin's Response, and the entire record of this matter, the Court concludes that

Magistrate's Report and Recommendation must be rejected.

The Magistrate Judge's recommendation that the Court find the pending motions

to be moot is predicated on an erroneous reading of the Sixth Circuit Court of Appeals

February 2, 2015 Order addressing Plaintiff's appeal of this Court's order granting the

defendants' motions to revoke his *in forma pauperis* status, and its remand of the case to

this Court.

To briefly summarize the history of this case, Plaintiff is a prisoner who filed a

Section 1983 complaint alleging that the defendants violated his constitutional rights by

forcing him to take Haldol, an anti-psychotic medication.  He applied for and was

granted leave to proceed with his case *in forma pauperis*.  Thereafter, Defendants moved

to revoke Plaintiff's *ifp* status pursuant to 28 U.S.C. § 1915(g) which provides that a

prisoner who has previously had three or more federal lawsuits dismissed as frivolous,

malicious, or for failure to state a claim upon which relief can be granted may not again

proceed *in forma pauperis* (the "three strikes rule").  Plaintiff admits that he has had

three or more federal lawsuits dismissed pursuant to 28 U.S.C. § 1915(g) before he filed

this lawsuit. However, he argued that the "imminent danger of physical injury" exception

to the three strikes rule applied in his case.

The matter was referred to a Magistrate Judge who recommended that the Court grant Defendants' motions, revoke Plaintiff's *ifp* status, and dismiss his Complaint, without prejudice. The Court adopted the R&R and dismissed the case, without prejudice.

Plaintiff appealed that decision to the Sixth Circuit Court of Appeals.

On February 2, 2015, the Court of Appeals issued its ruling finding that this Court erred in declining to apply the imminent danger exception and accordingly, held that § 1915 did not bar Martin from proceeding *ifp* in this action. *See* CTA Order at Dkt. No. 63. Therefore, the appellate court vacated this Court's judgment and remanded the matter "for further proceedings." *Id.*

Following remand, both Plaintiff and Defendants filed a number of motions. Among these was a a Motion for Temporary Restraining Order, Preliminary Injunction and Permanent Injunction filed by the Plaintiff. The Magistrate Judge issued a Report and Recommendation on January 30, 2016, addressing this motion and also addressing the claim for injunctive relief raised in Plaintiff's complaint. The Magistrate Judge recommended that the Court deny the requested injunctive relief. *See* Dkt. No. 93. The Court adopted the R&R on April 20, 2016. *See* Dkt. No. 106.

Defendants also filed motions for summary judgment. These motions addressed the merits of Plaintiff's claim that his "forced" medication amounted to cruel and unusual punishment in violation of the Eighth Amendment and his claim of violation of his First

Amendment right to free speech.  Plaintiff also moved for summary judgment in his

favor.  Responses and reply briefs were filed.  On November 28, 2016, the Magistrate

Judge issued an R&R recommending that the Court find all of these motions to be moot.

The Magistrate Judge based her R&R on her reading of the Sixth Circuit's February 2,

2015 Order and this Court's Order of April 20, 2016:

> [T]he Sixth Circuit, on appeal, found that "the district court erred by
> declining to apply the imminent danger exception, and § 1915 does not bar
> [Plaintiff] from proceeding [*in forma pauperis*] in this action," vacated the
> district court's judgment, and remanded the matter for further proceedings.
> ***The result of this remand was to reopen this case as to Plaintiff's
> requests for preliminary injunctive relief only.***
>
> Thereafter, all pretrial matters were referred to the undersigned Magistrate
> Judge (Doc. 64).  On January 30, 2016, I issued a Report and
> Recommendation (Doc. 93), to deny Plaintiff's motions to appoint expert
> witness (Doc. 85), for oral deposition, (Doc. 72), for temporary restraining
> order, for preliminary injunction, and for permanent injunction (Doc. 76),
> ***and to dismiss Plaintiff's complaint (Doc. 1).***  On April 20, 2016, District
> Judge Rosen issued an Order adopting my Report and Recommendation
> (Doc. 106), thus denying Plaintiff's motions for a preliminary injunction,
> permanent injunction, temporary restraining order, oral deposition, and
> appointment of an expert witness.  More recently, Judge Rosen issued an
> Order denying *in forma pauperis* (IFP) status on appeal because any appeal
> from his Order denying Plaintiff's motion for preliminary injunction (Doc.
> 106) would be frivolous. (Doc. 135).
>
> Although the case seems to have slipped through the legal cracks, and the
> parties have filed motions, ***there exist no other issues to resolve.  The
> Report and Recommendation, adopted by District Judge Rosen, resolved
> all remaining questions in this matter.  (Docs. 106, 135). The instant
> outstanding motions, therefore, are of no consequence.***

[11/28/16 R&R pp. 2-3 (emphasis added).]

The Court finds that the Magistrate Judge has misconstrued the Sixth Circuit's

February 2, 2015 Order and this Court's Order April 20, 2016 adopting the Magistrate

Judge's January 30, 2016 R&R.

First, there is nothing in the Sixth Circuit's Order limiting remand of this case

only for this Court to rule on Plaintiff's request for preliminary injunctive relief.  Rather,

the Sixth Circuit's Order broadly states, "[W]e ... remand the matter *for further*

*proceedings.*" [*See* Dkt. No.63, p. 6 (emphasis added)]. Nor was Plaintiff's complaint

limited to a request for injunctive relief.  Indeed, the Sixth Circuit expressly noted that in

his complaint "Martin sought an injunction ordering all defendants to stop the

involuntary administration of the drugs *and compensatory and punitive damages and*

*costs.*"  *Id.* at p. 3 (emphasis added).

Second, though the Magistrate Judge states that in her January 30, 2016 R&R

addressing Plaintiff's motion for injunctive relief, in addition to recommending that

Plaintiff's motion for TRO, preliminary injunction and permanent injunction be denied,

she recommended that the Court "dismiss Plaintiff's complaint (Doc. 1)," she made no

such recommendation.  [*See* Dkt. No. 93.]  Nor did the Court so order in adopting that

R&R.  [*See* Dkt. No. 106.]

For all of the foregoing reasons, the Court concludes that the Magistrate Judge

erroneously concluded that the only matter remanded by the Sixth Circuit for

adjudication by this Court was Plaintiff's request for preliminary injunctive relief, and

erroneously concluded that, by virtue of the Court's April 20, 2016 Order denying

Plaintiff's motion for injunctive relief, there exist no other issues to resolve.

Therefore,

The Court hereby REJECTS the Magistrate Judge's Report and Recommendation of November 28, 2016 **[Dkt. No. 136]** and this case is re-referred to the Magistrate Judge for further pretrial proceedings, including for an "on the merits" report and recommendation on  Defendants' Motions for Summary Judgment [Dkt. Nos. 103, 109] and Plaintiff's Motions for Summary Judgment [Dkt. Nos. 112, 127], and for hearing and determination of Plaintiff's Motion to Compel Discovery [Dkt. No. 122].

SO ORDERED.


s/Gerald E. Rosen
United States District Judge

Dated:  January 3, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 3, 2017, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135