UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC MARTIN,

        Plaintiff

                                      Case No. 12-cv-14286

v.

                                      HON. MARK A. GOLDSMITH

SOFIA KAZULKINA, et al.,

        Defendants.

_____/

**ORDER (1) ACCEPTING THE REPORT AND RECOMMENDATION OF THE
MAGISTRATE JUDGE DATED FEBRUARY 21, 2017 (Dkt. 143), (2) GRANTING
DEFENDANT KAZULKINA'S MOTION FOR SUMMARY JUDGMENT (Dkt. 103), (3)
GRANTING DEFENDANT MAKIN'S MOTION FOR SUMMARY JUDGMENT (Dkt.
109), (4) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Dkt. 112),
(5) CONSTRUING PLAINTIFF'S "MOTION" (Dkt. 127) AS A RESPONSE, AND (6)
DISMISSING COMPLAINT WITH PREJUDICE**

This matter is before the Court on the report and recommendation ("R&R") of Magistrate

Judge Patricia T. Morris, issued on February 21, 2017 (Dkt. 143).  In the R&R, the magistrate

judge recommends granting Defendant Sofia Kazulkina's motion for summary judgment (Dkt.

103), granting Defendant Jerry Makin's motion for summary judgment (Dkt. 109), denying

Plaintiff Eric Martin's motion for summary judgment (Dkt. 112), construing Plaintiff's "motion

to deny the defendants' motion for summary judgment" (Dkt. 127) as a response, and dismissing

the complaint with prejudice.

The parties have not filed objections to the R&R, and the time to do so has expired.  See

Fed. R. Civ. P. 72(b)(2).  The failure to file a timely objection to an R&R constitutes a waiver of

the right to further judicial review.  See Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not

appear that Congress intended to require district court review of a magistrate's factual or legal

conclusions, under a de novo or any other standard, when neither party objects to those

1

findings."); Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370, 1373-1374  (6th Cir. 1987) (failure to file objection to R&R "waived subsequent review of the matter"); Cephas v. Nash, 328 F.3d 98, 1078 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."); Lardie v. Birkett, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard.").  There is some authority that a district court is required to review the R&R for clear error.  See Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").  Therefore, the Court has reviewed the R&R for clear error.  On the face of the record, the Court finds no clear error and accepts the recommendation.

Accordingly, the Court grants Defendant Kazulkina's motion for summary judgment (Dkt. 103), grants Defendant Makin's motion for summary judgment (Dkt. 109), denies Plaintiff's motion for summary judgment (Dkt. 112), construes Plaintiff's "motion" (Dkt. 127) as a response, and dismisses the complaint with prejudice.

SO ORDERED.

Dated:  March 13, 2017
    Detroit, Michigan

s/Mark A. Goldsmith
MARK A. GOLDSMITH
United States District Judge

2

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 13, 2017.

s/Karri Sandusky
Case Manager